2014 CO 23

**The PEOPLE of the State of Colorado, Petitioner**

v.

**Eusebio MONTERO–ROMERO, Respondent.**

**Supreme Court Case No. 11SC674**

Supreme Court of Colorado.

April 7, 2014

Attorneys for Petitioner: John W. Suthers, Attorney General, Rebecca A. Jones, Senior Assistant Attorney General, Denver, Colorado

Attorneys for Respondent: Johnson Brennan & Klein, PLLC, Gail K. Johnson, Boulder, Colorado

Attorneys for Amicus Curiae Colorado Criminal Defense Bar: Haddon, Morgan and Foreman, P.C., Ty Gee, Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 The People petitioned for review of the court of appeals judgment in *People v. Montero–Romero,* No. 10CA833, 2011 WL 3720841 (Colo.App. Aug. 25, 2011) (not published pursuant to C.A.R. 35(f)), in which that court reversed Montero–Romero's convictions for first degree assault and first degree burglary and his sentence to 28 years in the Department of Corrections. As is relevant here, upon concluding that the trial court abused its discretion in denying a challenge for cause on the grounds of juror bias, and that the defendant removed the prospective

juror in question with a peremptory challenge and subsequently exhausted his remaining peremptory challenges, the division reversed, noting this court's rule of automatic reversal in *People v. Macrander*, 828 P.2d 234, 244 (Colo.1992). The People petitioned solely to request that this court reconsider the requirement for automatic reversal under these circumstances.

¶ 2 In *People v. Novotny*, 2014 CO 18, ¶ 27, 320 P.3d 1194, we overruled the automatic reversal rule announced in *Macrander*, holding that the reversal of a criminal conviction for other than structural error, in the absence of express legislative mandate or an appropriate case specific, outcome-determinative analysis, could no longer be sustained. We further found that allowing a defendant fewer peremptory challenges than authorized by statute or rule does not, in and of itself, amount to structural error. *Id.*

¶ 3 Because the court of appeals relied on the bright-line, automatic reversal rule of *Macrander*, rather than evaluating the likely effect of the trial court's error on the outcome of the specific case in which it occurred, and because the automatic reversal requirement of *Macrander* has now been overruled, the judgment of the court of appeals is reversed, and the case is remanded for reconsideration in light of our holding in *Novotny*.

JUSTICE HOOD dissents, and JUSTICE HOBBS joins in the dissent.

JUSTICE HOOD, dissenting.

¶ 4 In *People v. Novotny*, 2014 CO 18, ¶ 27, 320 P.3d 1194, this court overturned the automatic-reversal rule of *People v. Macrander*, 828 P.2d 234 (Colo.1992), and replaced it with an "appropriate case specific, outcome-determinative analysis." I dissented, in part because I am convinced that *Novotny* substitutes *"Macrander*'s rule mandating automatic reversal with a rule seeming to mandate automatic affirmance." *See Novotny*, ¶ 31 (Hood, J., concurring in part and dissenting in part). For the same reasons articulated in that dissent, I respectfully dissent here as well.

I am authorized to state that JUSTICE HOBBS joins in the dissent.